NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

U.S. SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee,

v.

PREMIER HOLDING CORPORATION; RANDALL LETCAVAGE,

Defendants-Appellants,

and

JOSEPH GREENBLATT,

Defendant.

No.   21-55249

D.C. No.
8:18-cv-00813-CJC-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 9, 2022
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,** District
Judge.

———————————

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

Defendants Randall Letcavage and Premier Holding Corporation appeal a summary judgment entered in favor of the Securities and Exchange Commission and the district court's subsequent imposition of civil remedies. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We review a summary judgment de novo, with all facts and inferences being drawn in favor of the non-moving party. *See Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1041 (9th Cir. 2014). Evidentiary rulings made in connection with a summary judgment, including orders precluding evidence, are reviewed for abuse of discretion. *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 909 (9th Cir. 2008). A district court's determination of appropriate remedies is also reviewed for abuse of discretion. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010); *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1190 (9th Cir. 1998).

1. Letcavage challenges the district court's preclusion order that prevented him from introducing certain evidence in opposition to the SEC's motion for summary judgment. The district court's order was based on Letcavage's failure to meaningfully answer the SEC's questions during depositions and his blanket invocation of the Fifth Amendment during the enforcement proceeding. Even when a defendant is entitled to invoke the Fifth Amendment in a civil proceeding, "a district court has discretion in its response to a party's invocation of the Fifth." *SEC*

*v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998). Here, Letcavage refused to meaningfully answer *any* questions about the WePower note, the TPC assets, or his employment agreement—the three central issues of this case. Therefore, the district court's preclusion order was a reasonable response to Letcavage's decision and not an abuse of discretion.

2. Defendants challenge the district court's finding of scienter, which here "refers to a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976). The district court did not abuse its discretion in making this determination. The district court can infer scienter based on a defendant's invocation of the Fifth Amendment when "independent evidence exists of the fact to which the party refuses to answer." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). The SEC offered ample independent evidence to justify an adverse inference of scienter in this case, including numerous public and private statements by Letcavage.

3. Finally, Defendants challenge the district court's imposition of injunctive[1] and monetary remedies. The district court properly analyzed the relevant factors, including Letcavage's repeated violations of security laws and lack of any admission of wrongdoing, when crafting its injunctive remedies, and we find no

---

[1] These included a permanent injunction against Defendants from committing future securities violations and a 5-year bar preventing Letcavage from being an officer-director or trading in penny stocks.

abuse of discretion.  *See SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980); *First Pac. Bancorp*, 142 F.3d at 1193.  The district court's disgorgement order was likewise proper.  Defendants object to the district court's disgorgement calculation, but Defendants bear the burden of proving "that the disgorgement figure was not a reasonable approximation." *Platforms Wireless*, 617 F.3d at 1096 (citation omitted).  Because Defendants failed to meet their burden of proving that any of the purported business expenses were actually incurred or were "legitimate," *Liu v. SEC*, 140 S. Ct. 1936, 1950 (2020), we find no abuse of discretion.

**AFFIRMED.**